**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MARCIA RILEY, *et al.*, | ) | CASE NO: 1:05 CV 1091 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| MICHAEL R. JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |

Plaintiffs Marcia Riley and Timothy Riley, individually and as the natural guardians of a minor named Ty Riley ("Plaintiffs"), filed their Complaint against Defendants Michael R. Jones, Stephen G. Lancaster, John Kozak IV, Richard O. Schlining, and Matthew Lancaster.[1] Among several claims, Plaintiffs have pled a claim of negligent entrustment against Defendant Schlining. (Compl. at ¶¶15-19.)  On May 8, 2006, Defendant Schlining filed a Motion for Summary Judgment. (Doc. No. 94.)  Plaintiffs filed their Brief in Opposition on June 7, 2006. (Doc. No. 96.)  Defendant Schlining filed his Reply on June 19, 2006. (Doc. No. 97.)  For the reasons stated below, Defendant Schlining's Motion for Summary Judgment is DENIED.

**I. SUMMARY OF FACTS**

The following facts are largely undisputed.  On July 24, 2004, twelve-year old John

---

[1] All references to the Complaint refer to Plaintiffs' First Amended Complaint. (Doc. No. 48.)

Kozak IV ("Kozak"), while backing up a 1,200 pound Kawasaki Mule utility vehicle, struck eight-year old Ty Riley ("Riley").  (Def.'s Br. at 2-3; Pls.' Br. at 2.)  The Kawasaki Mule was owned by Defendant Schlining, Kozak's grandfather.  (Def.'s Br. at 2; Pls.' Br. at 1.)  The incident occurred in Sheffield, Ohio at Pine Lake race grounds where an All-Terrain Vehicle ("ATV") race was being held during the weekend of July 23-25, 2004.  (Def.'s Br. at 3; Pls.' Br. at 3.)  Defendant Schlining stated that there were probably around a thousand people at the campground.  (Deposition of Richard Schlining at 48-49.)  Because he had difficulty walking, Defendant Schlining had received permission from Pine Lake to use his Kawasaki Mule for transport between the pit area and the racetrack.  (Def.'s Br. at 3; Pls.' Br. at 3.)  Young Kozak repeatedly had received permission from Defendant Schlining to drive the Kawasaki Mule over the course of the weekend.  (Schlining Depo. at 34-41.)

With respect to the particular trip that ended in the injury to Ty Riley, Kozak requested permission from Defendant Schlining to use the Kawasaki Mule to pick up his mother and obtain a part for an ATV.  (Schlining Depo. at 40-41.)  With the knowledge and acquiescence of Defendant Schlining, Kozak departed with the Kawasaki Mule with one adult sitting next to him on the passenger side of the driver's bench and three persons sitting in the cargo bed with their backs to Kozak.  (Deposition of John Kozak, IV at 71-73; Schlining Depo. at 41-43.)  Kozak came upon two trucks attached to each other by a chain and engaged in a vehicular tug-o-war.  (Kozak Depo. at 78.)  Kozak drove within about "20 feet or a truck length" of the trucks when Kozak's adult passenger told him to stop and "get out of there before the chain broke."  (Kozak Depo. at 81.)  Before backing up, Kozak stated that he looked over his left shoulder, but not his right shoulder.  (Kozak Depo. at 87.)  Kozak did not look over his right shoulder because the

passengers on the bed of the vehicle obstructed his view.  (Kozak Depo. at 91.)  The Kawasaki Mule had no side-view mirrors.  (Kozak Depo. at 85.)  After backing up five to ten feet, the Kawasaki Mule struck Plaintiff Ty Riley.  (Kozak Depo. at 92.)

In his affidavit, Defendant Schlining states that: Kozak has operated Kawasaki Mules, as well as ATVs, on his property on numerous occasions prior to the incident;[2] Kozak operated these vehicles "carefully prudently, and with judgment and maturity beyond his age;" and that Kozak never operated any vehicle carelessly or recklessly.  (Schlining Aff. at ¶¶12-15.)  Schlining did not read the Owner's Manual of any of the Kawasaki Mules he has owned, except for sections dealing with maintenance.  (Schlining Depo. at 16, 20.)  The Owners's Manual states that "[a]ll operators should possess a valid driver's license.  Children may not have the skills and judgment necessary to operate this vehicle."  (Pls.' Br., Ex. C at 2.)  This same warning is repeated on a warning label affixed to the Kawasaki Mule itself.  (Pls.' Br., Ex. C at 9.)  In addition, warning labels also indicate that the cargo bed should not be used for carrying passengers and that the vehicle was designed for only one passenger.  (Pl.'s Br., Ex. C at 9-10.)

Kozak does not have a driver's license.  According to his deposition testimony, Kozak was around ten or eleven years old when he first drove Defendant Schlining's first Kawasaki Mule.  (Kozak Depo. at 48.)  Prior to the weekend the incident occurred, Kozak had never operated any of the Kawasaki Mules anywhere other than on Defendant Schlining's twelve-acre property.  (Kozak Depo. at 51-52; Schlining Depo. at 16.)  It is unclear when Kozak first

---

[2] Schlining previously owned an earlier model of a Kawasaki Mule.  (Schlining Aff. at ¶4.

operated the Kawasaki Mule that was involved in the incident at Pine Lake. Plaintiffs aver that Kozak never drove the Kawasaki Mule that was involved in the accident until the weekend of July 24, 2004. (Pls.' Br. at 5.) To the contrary, Defendant Schlining states that Kozak had been driving the Kawasaki Mule involved in the accident for one to two years prior to the accident. (Def.'s Reply at 3.) The vehicle involved in the accident, according to Defendant Schlining was purchased around April 1, 2004 – less than four months before the races at Pine Lake. (Schlining Depo. at 10.) Thus, Defendant Schlining's position is untenable, while Plaintiffs' position, though tenable, has not been conclusively established by any cited evidence. Although Kozak testified that he did not recall whether he had ever driven a Kawasaki Mule with passengers on the cargo bed on previous occasions, he did testify that neither his siblings, father, grandfather, nor grandmother ever rode on the cargo bed while he drove. (Kozak Depo. at 55.)

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. The moving party can meet this burden in two ways: by presenting sufficient evidence to indicate there is no genuine issue of material fact; or by arguing the non-moving party, after adequate time for discovery, has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may rely on depositions, answers to interrogatories, and the like, to demonstrate that the non-moving party has no evidence to prove his case and hence that there can be no factual dispute. *Id.* at 328 (White, J., concurring). However, "it is not enough to move for summary judgment ... with a conclusory

assertion that the [non-moving party] has no evidence to prove his case." *Id.*

Once the moving party has met its burden, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial. *See Cox v. Kentucky Department of Transportation*, 53 F.3d 146, 149 (6th Cir. 1995). That is, the nonmoving party has an affirmative duty to direct the court's attention to specific evidence upon which it seeks to rely. *Al-Qudhai'een v. America West Airlines, Inc.*, 267 F. Supp.2d 841, 845 (S.D. Ohio 2003) *citing In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001).

In assessing the merits of the motion, a Court should "draw all reasonable inferences in favor of the nonmoving party." *Joostberns v. United Parcel Servs., Inc.*, 2006 U.S. App. LEXIS 533 at *8 (6th Cir. 2006). In addition, the Court "does not weigh the evidence or make credibility determinations." *Id.*; *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). In other words, the court should determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251 (1986).

### III. ANALYSIS

Based upon the parties' briefings, Plaintiffs and Defendant Schlining agree that Ohio law of negligent entrustment governs this case. The Ohio Supreme Court has held that "[t]he owner of a motor vehicle may be held liable for an injury to a third person upon the ground of negligence if the owner knowingly, either through actual knowledge or through knowledge implied from known facts and circumstances, entrusts its operation to an inexperienced or incompetent operator whose negligent operation results in the injury." *Gulla v. Straus*, 93

N.E.2d 662, 154 Ohio St. 193 at paragraph 3 of the syllabus (Ohio 1950).  It is Plaintiffs' burden to establish that: (1) the motor vehicle was driven with the permission and authority of the owner; (2) the entrustee was in fact an incompetent driver; and (3) the owner knew at the time of the entrustment that the entrustee had no driver's license, or that he was incompetent or unqualified to operate the vehicle, or had knowledge of such facts and circumstances as would imply knowledge on the part of the owner of such incompetency.  *Id*. at paragraph 5 of the syllabus; *accord Lee v. Sunnyside Honda*, 716 N.E.2d 285, 128 Ohio App.3d 657 (Ohio Ct. App. 1998); *Keeley v. Hough*, 2005 Ohio App. LEXIS 3451, 2005-Ohio-3771 at ¶15 (Ohio Ct. App. 2005) ("Under negligent entrustment: ('The) liability of the owner is not based upon ownership or agency, but upon the combined negligence of the owner and driver; the owner in entrusting the vehicle to an incompetent driver, and the negligence of the driver in its operation.'") (citations omitted).

In the instant matter, there is no genuine issue of material fact regarding whether Schlining entrusted the Kawasaki Mule to Kozak, as all testimony points to the fact that Defendant Schlining expressly gave Kozak permission to drive the vehicle.  However, the Court must pursue the inquiry as to whether genuine issues of material fact remain on the issues of whether Kozak was an incompetent or negligent entrustee and whether Defendant Schlining, at the time of the entrustment, knew that Kozak was incompetent, inexperienced or unqualified to operate the vehicle, or had knowledge of such facts and circumstances as would imply knowledge on the part of the owner of such incompetency or inexperience.

Defendant Schlining relies upon a case from the Ohio Court of Appeals for Butler County wherein the defendant successfully obtained summary judgment on a claim of negligent

entrustment. *See Manning v. Wilmot*, 503 N.E.2d 206, 29 Ohio App.3d 94 (Ohio Ct. App. 1985). In *Manning*, a ten year-old boy drove an ATV on a public street at night in direct contravention of his father's instructions; the father was not even in town as he was returning from a trip. *Id*. at 208. The boy and his father also read and discussed the Owner's Manual of the ATV. *Id*. The ATV in question specifically was designed for persons weighing no more than eighty (80) pounds. *Id*. The *Manning* court noted that "there is nothing [in the record] to suggest that ten-year-olds in general were incompetent or otherwise unable to safely operate the type of ATV owned by [the defendant]." *Id*. at 209. The case at bar is easily distinguished from the *Manning* decision. Herein, Kozak operated the Kawasaki Mule within the scope of permission granted by Defendant Schlining; neither Defendant Schlining nor Kozak ever read the Owner's Manual; and evidence has been presented that Kawasaki Mules, unlike the children's ATV in *Manning*, should only be operated by licensed drivers as children may not have the skill or judgment to safely operate the vehicle.

Rather, the evidence submitted is sufficient to create a genuine issue of material fact as to every prong of a negligent entrustment claim. As stated above, there is no dispute that Defendant Schlining entrusted the Kawasaki Mule to his young grandson. A reasonable jury may well conclude that Kozak operated the Kawasaki Mule in a negligent or incompetent manner due to his failure to ascertain whether he could safely back up the vehicle and by carrying passengers in the cargo bed. The evidence of record indicates that Kozak failed to look over his right shoulder before putting the Kawasaki Mule in reverse due to the obstruction presented by the three passengers on the cargo bed of the vehicle, yet Kozak decided to blindly back the vehicle up anyway. A reasonable jury also could conclude that Defendant Schlining knew that Kozak was

only twelve years old and without a valid driver's license – factors that tend to show inexperience or incompetence, especially in light of the manufacturer's own safety warnings and instructions.   Furthermore, Kozak unequivocally testified that he only had experience driving the Kawasaki Mule on his grandfather's twelve-acre property and a reasonable jury could find that Defendant Schlining knew Kozak was an inexperienced driver when it came to driving in the presence of large crowds of people.  Defendant Schlining also witnessed Kozak drive off carrying four other passengers in a manner inconsistent with the vehicle's safety warnings.  Given these facts, Defendant Schlining is not entitled to summary judgment.

## IV.  CONCLUSION

For the foregoing reasons, Defendant Schlining's Motion For Summary Judgment is DENIED.

IT IS SO ORDERED.

/s/ Nancy A. Vecchiarelli
U.S. Magistrate Judge

Date: June 23, 2006